UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM WASHINGTON,

           Plaintiff,

           v.

BROOME COUNTY DISTRICT
ATTORNEY'S OFFICE et al.,

           Defendants.
_____

3:20-cv-1099
(GLS/ML)

## SUMMARY ORDER

    The above-captioned matter comes to this court following an Order and Report-Recommendation (R&R) by Magistrate Judge Miroslav Lovric, duly filed on November 24, 2020.  (Dkt. No. 12.)  Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.  Plaintiff *pro se* Malcolm Washington filed timely objections to the R&R.  (Dkt. No. 13.)  For the reasons that follow, the R&R is adopted in its entirety, Washington's motion for summary judgment, (Dkt. No. 8), is denied, and Washington's complaint, (Compl., Dkt. No. 1), is dismissed with leave to replead.

    Washington commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Broome County District Attorney's Office (DAO),

Endicott City Police Department (hereinafter "Endicott Police"), and Broome County Public Defender's Office (PDO), asserting (1) a claim of denial of due process against DAO for withholding *Brady* material; and (2) a claim of denial of equal protection against Endicott Police for creating false accusatory instruments and forging a warrant.[1]  (*See generally* Compl.)

Prior to initial review, Washington moved for summary judgment.[2] (Dkt. No. 8.)  After granting *in forma pauperis* status, Judge Lovric conducted an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as well as a review of the motion for summary judgment, and issued the R&R, which recommends dismissal with leave to replead with respect to Washington's claims against DAO and Endicott Police, and without leave to replead insofar as Washington brings claims against PDO "based on actions taken by [its] employees for performing traditional functions as counsel."  (Dkt. No. 12 at 16-17.)

Before entering final judgment, this court routinely reviews all report

---

[1] Notably, PDO does not appear to be a party to either claim brought by Washington, and it is unclear whether its exclusion from the claims was a mere oversight.

[2] Subsequent to the R&R, Washington filed a second motion for summary judgment. (Dkt. No. 14.)  Consistent with the court's adoption of the R&R, which dismisses the complaint in its entirety, as noted below, the motion for summary judgment is denied as moot.

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.  *See id.* at *5.

In objecting to the R&R, Washington states that he is in "complete disagree[ment]" with it, and cites to various cases, as well as a state court filing related to his claims.  (Dkt. No. 13.)  Indeed, Washington does not object to any specific element of Judge Lovric's findings, and, thus, his objections are general and subject to review only for clear error.  *See Almonte*, 2006 WL 149049 at *4.  The court has carefully considered the R&R, and finds no clear error in Judge Lovric's thorough analysis, which squarely addresses the issues with Washington's complaint and provides multiple, appropriate reasons for dismissal.  Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

3

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 12) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Washington's motion for summary judgment filed on October 7, 2020 (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Washington's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO REPLEAD** to the extent that it alleges claims against PDO based on actions taken by its employees for performing traditional functions as counsel to Washington in the underlying state court criminal proceeding; and **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD** to the extent that it alleges (1) a due process claim against DAO, and (2) equal protection and/or fabrication claim(s) against Endicott Police; and it is further

**ORDERED** that Washington's motion for summary judgment filed on December 2, 2020 (Dkt. No. 14) is **DENIED AS MOOT**; and it is further

**ORDERED** that Washington may file an amended complaint[3] within thirty (30) days of the date of this Summary Order; and it is further

---

[3] Any proposed amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). This means that any proposed amended complaint cannot merely refer back to Washington's previous complaint.

**ORDERED** that, if Washington files a timely amended complaint, the Clerk shall forward it to Judge Lovric for review; and it is further

**ORDERED** that, if Washington does not file a timely amended complaint, the Clerk shall enter judgment without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to Washington in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 28, 2021
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge