UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM WASHINGTON,

                           Plaintiff,

v.                                                            3:20-CV-1099
                                                             (GLS/ML)
BROOME COUNTY DISTRICT ATTORNEY'S
OFFICE; and ENDICOTT CITY POLICE DEP'T,

                           Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

MALCOLM WASHINGTON
  Plaintiff, *Pro Se*
Franklin Correctional Facility
Post Office Box 10
Malone, New York 12953

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* Amended Complaint filed by Malcolm Washington ("Plaintiff") against the Broome County District Attorney's Office and the Endicott City Police Department (collectively, "Defendants") to the Court for review. (Dkt. No. 26.) For the reasons discussed below, I recommend that Plaintiff's Amended Complaint be dismissed in its entirety without leave to amend.

### I.    BACKGROUND

      A thorough background of Plaintiff's litigation history in this district was previously discussed in my first Order and Report-Recommendation. (Dkt. No. 12.) Plaintiff initially commenced this matter by filing a verified Complaint on September 14, 2020 against the

Broome County District Attorney's Office ("Broome DA"), the Endicott City Police Department ("Endicott Police"), and the Broome County Public Defenders Office. (Dkt. No. 1.)

I issued my first Order and Report-Recommendation on November 24, 2020, and in construing the Complaint as liberally as possible, recognized that Plaintiff was alleging that he had been arrested after his daughter accused him of sexual abuse. (Dkt. No. 12 at 3-4.) Plaintiff also alleged that he was arrested, detained, and booked without due process, and that Endicott Police and Broome DA failed to disclose information that would have led to the dismissal of the criminal charges against him, including certain DNA evidence, a forged warrant, a false police report, and an illegally obtained statement from a minor obtained without permission "by [a] parent or otherwise." (*Id*.)

In his original Complaint, I recognized that Plaintiff appeared to be alleging claims for a denial of due process against Broome DA and for a denial of equal protection against Endicott Police for creating false accusatory instruments and forging a warrant. (Dkt. No. 12 at 4.) I also noted that Plaintiff appeared to be asserting fabrication of evidence and false arrest claims against Endicott Police. (*See id*. at 10.)

I ultimately recommended that the Court dismiss Plaintiff's Complaint in its entirety. (Dkt. No. 12 at 16.) As to the claims against Broome DA, I recommended that the Court dismiss those claims because Plaintiff failed to allege a pattern or custom or policy of constitutional violations under *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978) and its progeny. (Dkt. No. 12 at 7-9.) As to the claims against Endicott Police, I recommended that the Court dismiss those claims because Plaintiff's success could impugn the validity of his criminal conviction and were thus barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 12 at 10-

11.) Given Plaintiff's *pro se* status, I recommended that the Court grant Plaintiff leave to amend his Complaint as to the claims against Broome DA and Endicott Police. (*Id*. at 13.)[1]

On April 28, 2021, United States Senior District Judge Gary L. Sharpe adopted my initial Order and Report-Recommendation in its entirety. (Dkt. No. 25.) Plaintiff filed the Amended Complaint on May 5, 2021. (Dkt. No. 26.)

## II.    ALLEGATIONS OF THE AMENDED COMPLAINT

Construed as liberally as possible,[2] the Amended Complaint (much like the original Complaint) again alleges that Plaintiff was arrested "without explanation" and prosecuted under "false charges." (Dkt. No. 26 at 4.) Plaintiff again alleges that Broome DA withheld exculpatory materials and other investigatory materials, including a statement from a minor. (*Id*.)

While Plaintiff's Amended Complaint leaves out some of the details regarding the sex abuse allegation made against him by his daughter, it is nearly identical in all other respects to his original Complaint. Plaintiff again alleges a violation of due process, a Fourth Amendment malicious prosecution claim, conspiracy to prosecute, prosecutorial misconduct, and obstruction of justice against Broome DA. (*Id*. at 5.) Against Endicott Police, Plaintiff again alleges claims for equal protection, conspiracy to prosecute, obstruction of justice, Fourth Amendment false arrest, and Fourth Amendment claims for an illegal search and seizure of a minor "illegally obtained statement from [a] minor." (*Id*.) Unlike the original Complaint, however, Plaintiff adds

---

[1]    I also recommended that the Court dismiss, without leave to amend, any claims against the Broome County Public Defender for two reasons. First, the Broome County Public Defender is not a state actor amenable to suit under § 1983. (Dkt. No. 12 at 11-12.) Second, Plaintiff made no specific factual allegations against the Broome County Public Defender. (*Id*.)

[2]    The court must interpret pro se complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

the additional allegation that, as a result of Defendants actions, he was "forced and coerced to plead out to 10 years of imprisonment o[r] [f]ace [h]arsher charge of 10 yrs – life." (*Id*. at 4.)

As relief, Plaintiff seeks $10,000,000.00 from Broome DA and $10,000,000.00 from Endicott Police. (*Id*.)

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

---

[3]   To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

IV.    **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). For the following reasons, I recommend that Plaintiff's Amended Complaint be dismissed in its entirety.

    A.    **Claims Against Broome DA**

The Amended Complaint generally alleges that Broome DA violated Plaintiff's due process rights and maliciously prosecuted him, supported by allegations that are nearly identical to those made against Broome DA in the original Complaint. (*Compare* Dkt. No. 1 at 4-5 *with* Dkt. No. 26 at 4-5.) For the same reasons that I recommended dismissal of the claims against Broome DA in my first Order and Report-Recommendation (Dkt. No. 12), I again recommend that the claims against Broome DA be dismissed.

As I previously discussed at length in my original Order and Report-Recommendation (Dkt. No. 12), in order to state a claim against a municipality, a plaintiff must allege that the "deprivation of rights protected by the Constitution" caused by an official policy or custom of that municipality. *Monell*, 436 U.S. at 692-94. "Naked boilerplate allegations against a city are not sufficient to demonstrate a custom, practice or policy of conducting unlawful arrests." *Brown v. City of New York*, 12-CV-3146, 2014 WL 5089748, at *9, n.12 (S.D.N.Y. Sept. 30, 2014); *see Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (holding that for a *Monell* claim to survive a motion to dismiss, a plaintiff must allege "sufficient factual detail" and not mere "boilerplate allegations" that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy).

Importantly, "[a] policy or custom may be established by any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff." *Moran v. Cnty. of Suffolk*, 11-CV-3704, 2015 WL 1321685, at *9 (E.D.N.Y. Mar. 24, 2015) (citations omitted). To establish a "failure to train" claim, a plaintiff must generally demonstrate that there has been a "pattern of similar constitutional violations" by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Much like the original Complaint, Plaintiff's Amended Complaint fails to sufficiently allege a pattern of similar constitutional violations by Broome DA. Indeed, Plaintiff's Amended Complaint fails to mention specific instances of prosecutorial misconduct beyond Plaintiff's own case. (*See generally* Dkt. No. 26 at 4-5.) "In such circumstances, where the complaint 'fail[s] . . . to allege any facts to support [the] contention that the challenged actions were in any way related to a custom or policy promulgated by the . . . District Attorney's Office,' *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993), the pleading is insufficient." *D'Alessandro v City of New York*, 713 F. App'x 1, 10 (2d Cir. 2017) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion . . . that a municipality has . . . a custom or policy is insufficient in the absence of allegations of fact tending to support . . . such an inference.")). "We do not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Id*. at 10-11 (quoting *Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 191 (2d Cir. 2012).

The Amended Complaint fails to state a "failure to train" claim against Broome DA based on the alleged misconduct[4] in his underlying criminal case. I therefore recommend that the claims against Broome DA be dismissed.[5]

### B.     Claims Against Endicott Police

The Amended Complaint generally alleges claims against Endicott Police for violation of equal protection, conspiracy to prosecute, obstruction of justice, false arrest, and fabrication of evidence, as well as Fourth Amendment claims for an "illegal search and seizure of a minor" and "illegally obtained statement from a minor."[6] (*See generally* Dkt. No. 26.) For the following reasons, I again recommend that these claims be dismissed.

---

[4]     As I recognized in my original Order and Report-Recommendation, "in a narrow range of circumstances," a plaintiff can establish a "failure to train" claim based on a single incident. *Connick*, 563 U.S. at 63 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)). However, as the *Connick* Court explained, "because prosecutors are subject to a rigorous 'regime of legal training and professional responsibility,' a municipality cannot be said to be on notice of a recurrent problem in a district attorney's office simply because a prosecutor erred in one case." *D'Alessandro*, 713 F. App'x at 11 (quoting *Connick*, 563 U.S. at 66-67).

[5]     In the original Complaint, Plaintiff alleged that he was arrested on December 21, 2016. (Dkt. No. 1 at 4.) In the Amended Complaint, Plaintiff alleges that he was arrested on December 25, 2015. (Dkt. No. 26 at 4.) The statute of limitations for an action brought under § 1983 in New York is three years. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Although it is unclear, based on the limited factual allegations in the Amended Complaint, when Plaintiff's cause of action against Broome DA would have accrued, his claims may be untimely. *See Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) ("a cause of action against [a] municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a [municipality] 'policy or custom.'").

[6]     Plaintiff's original Complaint generally alleged an "[i]llegally obtained [s]tatement from [a] minor." (Dkt. No. 1 at 4.) However, in the Amended Complaint, Plaintiff moves this allegation to the "Statement of Claims" section of his form complaint, specifically alleging "claims" for an "illegal search & seizure of a minor" and an "illegally obtained statement from a minor" against Endicott Police. (Dkt. No. 26 at 5.)

As discussed in my first Order and Report-Recommendation (Dkt. No. 12), "[a] claim for damages [that would necessarily imply the invalidity of a plaintiff's state court] conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 486-87 (emphasis in original). In *Covington v. City of New York*, the Second Circuit held that "if success on a § 1983 claim would necessarily impugn the validity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist." 171 F.3d 117, 124 (2d Cir. 1999) (citation omitted).

Plaintiff does not allege that the criminal proceeding terminated in his favor or that his conviction has been invalidated. The majority of the allegations and claims against Endicott Police, including the denial of equal protection, fabrication of evidence, conspiracy to prosecute, and obstruction of justice claims, should be dismissed because they would impugn the validity of Plaintiff's underlying state court criminal proceeding. *See McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019) (holding that the plaintiff could not bring a "fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution" because a fabricated-evidence claim is most analogous to the tort of malicious prosecution, which also only accrues after the plaintiff prevailed in the underlying criminal proceeding); *see also Roberites v. Huff*, 11-CV-0521, 2012 WL 1113479, at *4 (W.D.N.Y. Mar. 30, 2012) (dismissing as premature, pursuant to *Heck*, due process, conspiracy to prosecute, obstruction of justice, fabrication of evidence, and equal protection claims related to the plaintiff's conviction where the plaintiff was convicted of the underlying criminal charges and his appeal was still pending); *Nussbaumer v. Nesbitt*, 11-CV-6331, 2011 WL 4828844, at *1 (W.D.N.Y. Oct. 7, 2011) (dismissing as premature, pursuant to *Heck*, due process, equal protection, malicious prosecution, and access to the courts claims

related to the plaintiff's conviction, which had not yet been invalidated); *Harris v. Buffardi*, 08-CV-1322, 2011 WL 3794235, at *10 (N.D.N.Y. Aug. 24, 2011) (Sharpe, J.) (where plaintiff's conviction had not been overturned or invalidated, his claims for "violation of his due process rights, fabrication of evidence, obstruction of justice, bad faith inadequate investigation, and §§ 1983 and 1985 conspiracy—all of which are patent attacks on the validity of his conviction—[were] barred.").

As I also stated in my first Order and Report-Recommendation, Plaintiff's false arrest claim must be dismissed because "[a] person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest because his conviction establishes that his confinement was grounded on probable cause; therefore, it was privileged." *Johnson v. Pugh*, 11-CV-0385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013); *see also Marcavage v. City of New York*, 689 F.3d 98, 109-10 (2d Cir. 2012) ("Defendants prevail if there was probable cause to arrest Plaintiff[] for any single offense."); *Phelan v. Sullivan*, 541 F. App'x 21, 23 (2d Cir. 2013) ("A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested.").

Plaintiff's claims regarding an "illegal search and seizure of a minor" and an "illegally obtained statement from a minor" are conclusory and wholly unsupported by any factual allegations, rendering the claims insufficient to survive the Court's review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See also Ashcroft*, 556 U.S. at 678 ("labels and conclusions" or a "formulaic recitation of the elements will not do."). Even if Plaintiff included sufficient factual allegations in support of a Fourth Amendment claim, Plaintiff may not state such a claim vicariously. *Tenenbaum v. Williams*, 193 F.3d 581, 601 n.13 (2d Cir. 1999) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously

asserted.") (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969)); *see also Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 367 (S.D.N.Y. 2012) ("Although parents can bring Fourth Amendment claims on behalf of their minor children, they do not have standing to assert Fourth Amendment claims *on their own behalf* based on a violation of their child's Fourth Amendment rights.") (emphasis added). Plaintiff's Fourth Amendment claims would also be barred by *Heck* if it were determined that they would impugn the validity of his state conviction. *See Jennings v. Decker*, 359 F.Supp.3d 196, 208-09 (N.D.N.Y. 2019) (Kahn, J.) (explaining that whether *Heck* applies to bar a Fourth Amendment claim depends on whether the claim would imply that the state court conviction was unlawful).

For these reasons, I recommend that Plaintiff's claims against Endicott Police be dismissed.

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Plaintiff's Amended Complaint contains fewer factual allegations supporting his claims than did his original Complaint. Because Plaintiff has already been granted leave to amend once, I recommend that Plaintiff's claims be dismissed without leave to amend. *See Official Comm. of Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the

plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Carrasco v. Annuci*, 17-CV-0246, 2017 WL 6492010, at *2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a "largely identical" complaint pursuant to 28 U.S.C. §1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint").

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 26) in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June  16, 2021
       Binghamton, New York

*[signature]*
Miroslav Lovric
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).