**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**MALCOLM WASHINGTON,**

                **Plaintiff,**                **3:20-cv-1099**
                                                          **(GLS/ML)**

        **v.**

**BROOME COUNTY DISTRICT**
**ATTORNEY'S OFFICE et al.,**

                **Defendants.**

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Malcolm Washington
Pro Se
16-B-2263
Franklin Correctional Facility
Malone, NY 12953

## SUMMARY ORDER

On April 12, 2021, Magistrate Judge Miroslav Lovric denied plaintiff *pro se* Malcolm Washington's motion for the appointment of counsel. (Dkt. No. 23.) Approximately two months later, Magistrate Judge Lovric issued an Order and Report-Recommendation (R&R), which recommends that Washington's amended complaint be dismissed without leave to replead. (Dkt. No. 28.) Pending before the court are: (1) Washington's appeal of the denial of his motion for the appointment of counsel; and (2) his

objections to the R&R.  (Dkt. Nos. 24, 29.[1])

## A. <u>Appeal</u>

When reviewing an appeal from a pretrial, non-dispositive motion decided by a magistrate judge, the court will affirm the order unless it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court "'is left with the definite and firm conviction that a mistake has been committed.'"  *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law.  *See Olais-Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969) ("The term 'contrary to law' means contrary to any existing law." (citing *Callahan v. United States*, 285 U.S. 515, 517 (1932)).  "[M]agistrate judges are afforded broad discretion in

---

[1] The court has considered other filings, which, liberally construed, were submitted by Washington in further support of his objections, in connection with the R&R.  (Dkt. Nos. 30, 32, 33, 35.)  It is also noted that, within the objections, Washington renews his motion for appointment of counsel, (Dkt. No. 29 at 3), which motion is denied as moot.

resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002) (citation omitted).

Washington's "appeal" summarily states that he "disagree[s] with Magistrate Lov[r]ic's decision" and that he "would be better represented by an attorney." (Dkt. No. 24.) The order appealed from correctly notes that "[a] motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's 'chances of success are highly dubious.'" (Dkt. No. 23 (quoting *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011).) In light of Magistrate Judge Lovric's previous recommendation to dismiss the complaint (which was subsequently adopted by this court), (Dkt. No. 12), he denied the application for the appointment of counsel, (Dkt. No. 23). Because Magistrate Judge Lovric's denial of the motion was not clearly erroneous, it is affirmed.

## B.   Objections to the R&R

Construing Washington's objections liberally, they do not fault the R&R in any specific way. (Dkt. No. 29) Instead, the objections attempt to add new "critical points" to the amended complaint and additional "proof" of

3

his claims; Washington has also furnished new exhibits in support of his claims/arguments. (*See generally id.*) Because the objections are "general," they merit review for clear error only. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *5-*6 (N.D.N.Y. Jan. 18, 2006). After careful consideration of the R&R, the court finds no clear error and adopts the R&R, (Dkt. No. 28), in its entirety.

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 28) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Washington's amended complaint (Dkt. No. 26) is **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Lovric's denial of Washington's motion for the appointment of counsel (Dkt. No. 23) is **AFFIRMED**; and it is further

**ORDERED** that Washington's renewed motion for the appointment of counsel (Dkt. No. 29 at 3) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to Washington in accordance with the Local Rules of Practice.

4

**IT IS SO ORDERED.**

October 22, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

5